WO                                                                                                JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaka,<br><br>                  Plaintiff,<br><br>vs.<br><br><br>Charles Ryan, et al.,<br><br><br>                  Defendants. | No.  CV 10-2253-PHX-SMM<br><br><br><br>**O R D E R** |

Pending before the Court is Plaintiff's request for a typewriter, which is found on page 2 of his most recent discovery motion (Doc. 273 at 2). The request must be denied.

**I.    Governing Standard for Injunctive Relief**

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)). The purpose of a preliminary injunction is to preserve the status quo until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

There is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted). Prohibitory injunctions seek to preserve the status quo, while mandatory injunctions go beyond maintaining the status quo and are "particularly disfavored." *Stanley v. University of S. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

## II. Analysis

The Court must determine if Plaintiff has met all the elements of the test for a preliminary injunction—"that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Plaintiff requests return of his typewriter that is in "permanent storage." Plaintiff's request does not seek to maintain the status quo through a prohibitory injunction. Rather, he seeks to change the status quo in the form of a mandatory injunction, which places a heightened burden on the Plaintiff. *Comm. of Cent. Am. Refugees*, 795 F.2d at 1441. But his request is limited to a one-sentence request in a discovery motion. He completely fails to discuss the *Winter* factors or to support his request with any evidence. Thus, the Court holds that it cannot find that Plaintiff is likely to succeed on the merits of his claims or that he faces imminent irreparable injury, much less that Plaintiff meets the heightened burden requirements of a mandatory injunction.

There are additional reasons supporting denial of Plaintiff's request. The Ninth Circuit has held that inmates have no right to a typewriter to prepare legal documents as long as there remains some other means of preparing legal documents. *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007), *vacated on other grounds*, 129 S. Ct. 1036 (2009). Here, there is little doubt regarding Plaintiff's ability to file legal documents (*see* Docs. 260, 261-264, 268-271, 273, 275, 276) (documents filed in the last 90 days). Further, Plaintiff's request for a typewriter bears no relationship to this action—denial of treatment for his torn rotator cuff. Instead, Plaintiff asserts that the need for a typewriter stems from other unrelated medical issues (Doc. 273 at 2). And a court should not grant an injunction "when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). For all these reasons, Plaintiff's request for injunctive relief will be denied.

**IT IS THEREFORE ORDERED that** Plaintiff's request for a typewriter (Doc. 273 at 2) is **denied**.

DATED this 3rd day of October, 2014.

Stephen M. McNamee
Senior United States District Judge

- 3 -