WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaka,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Charles Ryan, et al.,<br><br>　　　　　　　Defendants. | No.  CV 10-2253-PHX-SMM-BSB<br><br>**O R D E R** |

Before the Court are Plaintiff's Objection to the Magistrate Judge's September 9, 2014 Order (Doc. 279, ref. 278) and motion for Rule 60 relief from the Court's March 6, 2013 Order (Doc. 280).  Plaintiff's objection must be overruled and his motion must be denied.

**I.    Objection to Magistrate Judge Orders**

An appeal from the determination of a pretrial, non-dispositive matter by a magistrate judge is reviewed by the district judge under a "clearly erroneous or contrary to law" standard.  28 U.S.C. §636(b)(1)(A); Rule 72(a), Fed.R.Civ.P.  Within 14 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.   Rule 72(a), Fed.R.Civ.P.

Plaintiff challenges the Magistrate Judge's decision to deny Plaintiff's motion to compel Defendants to produce MRI reports for Plaintiff's knees, x-rays of Plaintiff's hands, the entire Health Services Technical Manual, and a declaration from Dr. Robert Cohen filed in another action (Doc. 279). The Magistrate Judge concluded that the sought documents were not relevant to this action. *See* Fed. R. Civ. P. 26(b)(1). The Court agrees. The recent diagnostic images for Plaintiff's knees and hands bear no relationship to the discrete remaining claim in this action—an alleged lack of treatment for Plaintiff's shoulder in 2009. Nor does Plaintiff adequately explain why the entire Health Services Technical Manual or documents from another lawsuit are necessary to respond to Defendants' pending summary judgment motion. In short, there is no basis to conclude that the Magistrate Judge's decision was clearly erroneous or contrary to law. *See* 28 U.S.C. §636(b)(1)(A). The objection is overruled.

**II.     Motion for Rule 60 Relief**

Plaintiff also moves for relief under Federal Rule of Civil Procedure 60(a)–(b) (Doc. 280). This is Plaintiff's third motion for reconsideration of the Court's March 13, 2013 Order dismissing Count I. Neither Rule 60(a) or 60(b)(1) provide any basis to alter the Court's ruling. Indeed, none of Plaintiff's arguments support the finding that a clerical mistake or omission caused Count I to be dismissed. Instead, Plaintiff disagrees with the merits of the Court's conclusion. But the Court will not revisit—for the fourth time—Plaintiff's arguments in response to the motion to dismiss Count I. Plaintiff's motion for relief under Rule 60 is denied.

**IT IS HEREBY ORDERED overruling** Plaintiff's objection under Fed. R. Civ. P. 72 (Doc. 279).

. . .

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Rule 60 relief (Doc. 280).

DATED this 31st day of October, 2014.

Stephen M. McNamee
Senior United States District Judge